CHARLENE F. MUNFORD *v.* MORRIS DUBINSKY ET AL.

BALDWIN, O'SULLIVAN, WYNNE, DALY and PHILLIPS, Js.

Argued May 10—decided May 31, 1955

*Snow G. Munford,* for the appellant (plaintiff).

*Bernard Greenberg,* with whom, on the brief, was *Frederick L. Greenberg,* for the appellees (defendants).

PHILLIPS, J. The plaintiff brought this action to recover for injuries suffered when a car she was driving southerly on Connecticut Boulevard, in Hartford, came in contact with a truck owned by the defendants. The trial court found the following facts: On the westerly side of the boulevard there was a long warehouse, consisting of a number of stalls, which was used by various persons; at the time of the accident, one Brudz was operating a pickup truck which belonged to the defendants and was to be unloaded at their stall; Brudz drove southerly on the boulevard in the west traffic lane until he was just past the driveway of the defendants' stall; he then brought his truck to a stop and backed northerly and westerly until his rear wheels were at the curb line of the driveway; at that point he brought his vehicle to a complete stop to allow a truck which was proceeding southerly to pass; Brudz's truck was then in an oblique position, with its rear pointing northwesterly, and it was wholly within the traveled portion of the boulevard; Brudz looked northerly, to his rear, to see if any other traffic was approaching; as he did so, the left end of his front bumper was hooked and pulled out by the plaintiff's car, which was going southerly; at the time of the impact, Brudz was stopped and had been for at least the time it took the truck which was preceding the plaintiff to pass; Brudz was about to back into the areaway in front of the defendants' stall but had not started to move backward when the accident happened; the plaintiff

was traveling in a line of traffic about seven or eight feet easterly of the westerly curb line of the boulevard, with cars directly ahead, behind and to the left of her car; at the time of the accident she did not see or know what had happened, and the impact of the accident first attracted her attention to the fact that she had been in a collision; the left end of the front bumper of the defendants' truck and the right rear of the plaintiff's automobile were the places of contact of the vehicles.

No substantial change can be made in these findings, and from the facts so stated the trial court might reasonably have reached the conclusion, as it did, that the defendants' driver committed no negligent acts in connection with the collision.

There is no error.

In this opinion the other judges concurred.